UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MAURICE WILLIAMS, #291090,**

    Petitioner,

v.                                                  Case No. 07-CV-12333
                                                  Honorable Victoria A. Roberts

**HUGH WOLFENBARGER,**

    Respondent.

_____

**OPINION & ORDER GRANTING PETITIONER'S MOTION FOR
RELIEF FROM JUDGMENT & REQUIRING RESPONSIVE PLEADING**

**I. INTRODUCTION**

      This matter is before the Court on Petitioner's, Maurice Williams', motion for relief from judgment filed under Fed. R. Civ. P. 60 (b). He is seeking reinstatement of his habeas corpus petition, which the Court previously dismissed for failing to comply with the Court's Order directing him to file an additional copy of his habeas petition for service purposes by June 28, 2007. Respondent has not filed a responsive pleading. Petitioner was convicted of one count of first degree home invasion, malicious destruction of property valued between $1,000.00 to $20,000.00, and malicious destruction of property valued between $200.00 and $1,000.00. He was sentenced to eight to forty years imprisonment for the home invasion conviction, four to fifteen years imprisonment for the felony property destruction conviction, and time served on the misdemeanor property destruction conviction. Petitioner challenged the legality of his conviction and filed a petition for habeas relief which was dismissed due to Petitioner's failure to prosecute and comply with the above referenced order. He subsequently filed the pending motion for relief from judgment

which is the subject of this review.  Upon review of the record and Petitioner's pleadings, the Court will grant Petitioner's motion for relief from judgment and reinstate his habeas petition.

## II. STATEMENT OF PROCEDURAL FACTS

Petitioner filed his habeas petition with the Court without the requisite number of service copies.  Therefore the Court issued an Order on June 7, 2007 directing Petitioner to file an additional copy of his habeas petition by June 28, 2007.  Instead of filing the additional copy with the Court under the existing case number, Petitioner filed it with no reference to the case number or judge that had already been assigned to the pre-existing case.  Consequently, the clerk of the court filed the additional copy as a new case under number 07-12724, which was assigned to Judge Avern Cohn. Recognizing the duplicative filing, Judge Cohn dismissed Petitioner's habeas petition without prejudice on June 29, 2007 and stated:

> In fact, it appears that Petitioner may have been attempting to file the instant pleadings to correct a copy deficiency in his original habeas action, but the documents were filed as a new case . . .  The pleadings filed in this case shall be considered submitted as part of Case No:  07-CV-12333.

Order Dismissing Case, dated 6/29/07, pp. 1-2.

The Court, was unaware of Petitioner's efforts to comply with its June 7, 2007 Order and only saw that the Order had not been complied with under the original case number, which was 07-CV-12333.  Accordingly, the Court entered an order dismissing  Petitioner's request for  habeas relief on July 27, 2007 for failure to prosecute and for failing to comply with the Court's directive regarding copies.  Petitioner's motion for relief from judgment is presently before the Court.

2

## III. APPLICABLE LAW & ANALYSIS

Petitioner seeks relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), which provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; (6) any other reason justifying relief.

"As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Lewis v. Alexander,* 987 F.2d 392, 396 (6th Cir. 1993). The Sixth Circuit has held Rule 60(b)(1) should be "applied equitably and liberally to achieve substantial justice." *Williams v. Meyer,* 346 F.3d 607, 613 (6th Cir. 2003). "In deciding whether relief is warranted, three factors are relevant: (1) whether the party seeking relief is culpable; (2) whether the party opposing relief will be prejudiced; and (3) whether the party seeking relief has a meritorious claim or defense." *United Coin Meter v. Seaboard Coastline R.R.,* 705 F.2d 839, 845 (6th Cir. 1983). The Court must determine first whether Petitioner is culpable before reaching the other two factors.

After review, the Court finds Petitioners' actions were the result of excusable neglect rather than culpable conduct. "A party's conduct is culpable if it 'displays either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings.'" *Id.;* See also *Weiss v. St Paul Fire & Marine Ins. Co.,* 283 F.3d 790, 794 (6th Cir. 2002). Petitioner mistakenly omitted any reference to the judge or case number already assigned to his case when he filed the "additional copy" of his habeas petition under case number 07-12724 with Judge Cohn. This led

3

to a duplicative filing and the ultimate dismissal of both cases. The Court finds that Petitioner's actions were not motivated by an intent to thwart judicial proceedings or made with reckless disregard. *Williams v. Meyer,* 346 F.3d at 613. It is clear from the record that Petitioner was attempting to be in compliance with this Court's June 7, 2007 order. Further, Petitioner's diligence in seeking relief from judgment and filing the duplicative petition within the time parameters ordered by this Court to file the additional copy weighs in favor of finding the conduct to be excusable neglect. Therefore, in light of these circumstances, the Court finds that Petitioner's conduct was due to excusable neglect.

The Court also finds that there is no prejudice to Respondent in granting Petitioner relief from judgment, as the state has not yet been served with the habeas petition at this early stage of the litigation of this matter. Finally, Petitioner is challenging the legality of his conviction and raises three meritorious issues. "A claim or defense is 'meritorious' if ' there is *some possibility* that the outcome of the suit after full trial will be contrary to the result achieved by the [judgment].'" *Id.* at 614. The Court finds that Petitioner's claims regarding insufficient evidence, double jeopardy and improper jury instructions cannot be categorized as having no merit. Therefore, Petitioner has presented a meritorious claim.

The Court finds that Petitioner has satisfied the factors under *United Coin Meter*, such that relief from judgment is appropriate under Rule 60(b)(1); " *United Coin Meter v. Seaboard Coastline R.R.,* 705 F.2d at 845. The Court likewise finds that relief from judgment is warranted under Rule 60(b)(5). Prospectively, it would be inequitable to deny Petitioner's request for relief from judgment when his habeas petition under case number 07-12724

4

was dismissed only because this matter remained pending at the time. To deny relief would compromise Petitioner's opportunity to challenge the legality of his conviction on the merits.

Finally, the Court does not reach an analysis under Rule 60(b)(6). Rule 60(b)(1) through Rule 60(b)(5) are mutually exclusive of Rule 60(b)(6). A petitioner seeking relief from judgment under Rule 60(b)(1) through Rule 60(b)(5) cannot also seek relief under Rule 60(b)(6). *Pioneer Investment Servs. Co. v. Brunswick Assocs.,* 507 U.S. 380, 393 (1993); *Olle v. The Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir. 1990). Therefore, if Petitioner's motion can be construed as asserting a cause for relief from excusable neglect under Rule 60(b)(1), the Petitioner is barred from seeking relief under Rule 60(b)(6).

Accordingly, the Court finds that relief from judgment is warranted in this case; and Petitioner's request for such relief is granted.

## IV. CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that Petitioner's Motion for Relief from Judgment under Rule 60(b) [Doc. 5-1, filed August 10, 2007] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Order of Dismissal [Doc. 4-1, filed July 27, 2007] is **VACATED** and the proceedings are **REINSTATED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve a copy of the petition and a copy of this Order on Respondent and on the Attorney General for the State of Michigan **by first class mail** as provided in Rule 4.

**IT IS FURTHER ORDERED** that Respondent file an answer to the petition in accordance with Rule 5 Rules Governing Section 2254 Cases by **July 11, 2008**. Petitioner shall have **45 days** from the date of the responsive pleading to submit a reply.

**IT IS FURTHER ORDERED** that, as part of the answer, Respondent shall file with the Clerk a copy of the relevant transcripts, the relevant appellate briefs submitted by Petitioner and the prosecution, and the state appellate opinions and orders as required by Rule 5. A separate index listing the materials being submitted shall also be filed.

S/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: January 7, 2008

---
The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on January 7, 2008.

s/Carol A. Pinegar  
Deputy Clerk

---