# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MAURICE WILLIAMS, #291090,

       Petitioner,

                               Civil No: 07-CV-12333
                               Honorable Victoria A. Roberts
                               Magistrate Judge Virginia M. Morgan

v.

HUGH WOLFENBARGER,

       Respondent.

_____/

## OPINION & ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED PETITION FOR WRIT OF HABEAS CORPUS [DKT. #8], DENYING MOTION TO APPOINT COUNSEL [DKT. #10], AND MOOTING PETITIONER'S MOTION FOR ORDER TO CERTIFY TRANSCRIPTS OF RECORD [DKT. #15]

Petitioner, Maurice Williams, filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. §2254, challenging his state convictions for first-degree home invasion, Mich. Comp. Laws §750.110a(2), malicious destruction of a building, ($1,000.00 or more but less than $20,000.00), Mich. Comp. Laws §750.380(3)(a), and malicious destruction of personal property (less than $200.00), Mich. Comp. Laws §750.377a(1)(d). Petitioner alleges that: (1) the trial court improperly instructed the jury regarding the home invasion and malicious destruction charges; (2) there is a double jeopardy violation; and (3) there was insufficient evidence to convict Petitioner of first-degree home invasion.

Pending before the Court are three motions. In the first motion, Petitioner requests that he be permitted to amend his habeas petition. The second and third motions request the appointment of counsel and certification of the record, respectively.

**A.  Motion for Leave to File Amended Habeas Petition**

The mandate of Fed. R. Civ. P. 15(a) that a court freely grant leave to amend when justice so requires has been interpreted to allow supplementation and clarification of claims initially raised in a timely motion.  See *Anderson v. United States,* No. 01-2476, 2002 WL 857742 at *3 (6th Cir. May 3, 2002); *Oleson v. United States,* No. 00-1938, 2001 WL 1631828 (6th Cir. Dec. 14, 2001).  The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court.  *Clemmons v. Delo,* 177 F.3d 680 686 (8th Cir. 1999).  Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted.  *Coe v. Bell,* 161 F.3d 320, 341-42 (6th Cir. 1998).

The Court grants Petitioner's motion.  Petitioner filed his motion to amend the habeas petition before Respondent submitted its answer and before the Rule 5 materials were filed with the Court.  Moreover, Petitioner does not seek to add additional claims but embellishes his petition with attached affidavits, a portion of the appellate and other documentation. There is no evidence that Petitioner acts in bad faith, prejudice to Respondent, or that court proceedings will be delayed.  See *Gillette v. Tansy,* 17 F.3d 308, 313 (10th Cir. 1994).  Additionally, because Petitioner filed this motion to amend the petition before the adjudication of the issues in his petition, the motion to amend should be granted. *Stewart v. Angelone,* 186 F.R.D. 342, 343 (E.D. Va. 1999).

**B. Motion to Appoint Counsel**

Petitioner requests an appointment of counsel but provides no basis  why the Court should grant the motion.  He says support  is within the text of his amended petition for writ of habeas corpus.  However, the Court does not find such support.

In any event, there is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002). "Habeas corpus is an extraordinary remedy for unusual cases."  *Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002).  The appointment of counsel is within the discretion of the Court and required only if, given the difficulty of the case and petitioner's ability: (1)  the petition could not obtain justice without an attorney; (2) he could not obtain a lawyer on his own; and (3) there is a reasonable chance of winning with the assistance of counsel.  *Mira v. Marshall,* 806 F.2d 636, 638 (6th Cir. 1986).

Petitioner must also establish "that he was indigent and that exceptional circumstances were present such that a denial of counsel was likely to result in fundamental unfairness impinging on his due process rights."  *DesRosiers v. Moran,* 949 F.2d 15, 23 (1st Cir. 1991).  The factors a court may consider include the indigent's ability to conduct whatever factual investigation is necessary to support his claim, the complexity of the factual and legal issues involved, and the capability of the indigent litigant to present the case.  *Cookish v. Cunningham,* 787 F.2d 1, 2 (1st Cir. 1986).

Petitioner failed to argue any basis upon which his request for an appointment of counsel should be granted; it is denied.

**C. Motion to File State Court Transcript of Record**

Finally, Petitioner requests that the Court order Respondent to file the state court transcripts of record with this Court. The Court entered such an order on January 7, 2008 [Dkt. #7]. On July 11, 2008, the certified state court record was filed with the Court [Dkt.# 21]. Petitioner's motion is moot.

Accordingly,

IT IS ORDERED that Petitioner's: (1) "Motion for Leave to file Amended Petition for Writ of Habeas Corpus" [Dkt. #8] is **GRANTED**; (2) "Motion for Appointment of Habeas Corpus Attorney" [Dkt. #10] is **DENIED**; and (3) "Motion for Order to Certify Transcripts of Record in State Trial Court" [Dkt. #15] is **MOOT**.


s/Victoria A. Roberts_____
Victoria A. Roberts
United States District Judge

Dated:  January 6, 2009

```
The undersigned certifies that a copy of this
document was served on the attorneys of
record and Maurice Williams by electronic
means or U.S. Mail on January 6, 2009.

s/Carol A. Pinegar_____
Deputy Clerk
```

4